# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **TELICIA MCCANTS,** | Case No. 1:18-cv-000286 |
| Plaintiff, | Judge Dlott |
| v. | |
| **COOPER-ATKINS CORPORATION,** | **STIPULATED PROTECTIVE ORDER** |
| Defendant. | |

Plaintiff Telicia McCants and Defendant Cooper-Atkins Corporation ("Cooper-Atkins") hereby stipulate to the following Order relating to confidential business and other proprietary information.

WHEREAS, during the course of discovery in this matter, it may be necessary for one of the Parties ("Producing Party") to disclose documents or information to another Party ("Receiving Party"), including in response to document requests, interrogatories, deposition notices, or other means of discovery ("Discovery Requests"); and

WHEREAS, the information may be of any nature, personal or non-personal, public or non-public, sensitive or non-sensitive. This information includes but is not limited to financial information, personnel information, customer information, pricing information, business plans, business information about what has worked and what has not worked, business arrangements, prospective and former business arrangements, current and former supplier information, shareholder information of any kind, shareholder communications of any kind, financing information of any kind, current and former advisors' and consultants' information, current and

former employee information, current and former banking relationships, or other proprietary or confidential information belonging to any or all of the Parties (the "Confidential Information").

WHEREAS, to expedite the exchange of discovery materials, to facilitate the prompt resolution of disputes over confidentiality, and to protect discovery material entitled to be kept confidential, the Parties stipulate and agree as follows:

1. This Order applies to all information, documents and things exchanged in or subject to discovery in this Action, including without limitation, deposition testimony, interrogatories, answers to interrogatories, documents and things produced (including documents and things produced to the Receiving Party for inspection and documents and things provided to the Receiving Party, whether in the form of originals or copies) (collectively referred to as "Discovery Material").

2. Any information or document submitted and/or produced, either voluntarily or pursuant to any subsequent order in this action, which is asserted by any of the Parties to contain or constitute Confidential Information, shall be so designated by said party in writing. Information or documents so designated shall be clearly and prominently marked on their face with the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY." Such markings should not obliterate or obscure the content of the material that is produced. Where marking every page of such materials is not reasonably practicable, such as with certain native file documents or with respect to voluminous documents which would make the marking of every page of such document unreasonably burdensome, a Producing Party may designate material as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" by informing the receiving Party to whom the material is provided in writing in a clear and conspicuous manner at the time of production of such material, that such material is

Confidential. All transcripts of oral testimony, and any exhibits referenced during such testimony, as well as the oral testimony itself, may be designated as Confidential Information. Any person or entity may, within (10) days of the receipt of a transcript of oral testimony, designate the testimony or any exhibits referenced therein as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" by so notifying the other parties of such designation in writing. Any document or information marked as "CONFIDENTIAL" or as "CONFIDENTIAL – ATTORNEY'S EYES ONLY" shall be used in accordance with paragraphs 3 and 4 below and exclusively and solely for purposes of this litigation and for no other purpose whatsoever.

3. Discovery Material marked with the "CONFIDENTIAL" designation shall be given, shown, made available to or communicated only to the following:

   a. Plaintiff;

   b. Defendant (including employees, agents and officers of Defendant);

   c. counsel of record who have entered an appearance on behalf of a Party and employees of such counsel who are assisting in the preparation of this action;

   d. the Court, its officers, and clerical staff;

   e. outside photocopying, graphic production services, or litigation support services;

   f. expert witnesses employed by a Party for this Action;

   g. court reporters, stenographers, or videographers who record deposition or other testimony in the litigation; and

   h. any other person or entity to whom the Producing Party may consent in writing.

4. Discovery Material marked with the "CONFIDENTIAL – ATTORNEY'S EYES ONLY" designation shall be given, shown, made available to or communicated only to the following:

   a. counsel of record who have entered an appearance on behalf of a Party and employees of such counsel who are assisting in the preparation of this action;

   b. court reporters, stenographers, or videographers who record deposition or other testimony in the litigation;

   c. the Court, its officers, and clerical staff; and

   d. expert witnesses employed by a Party for this Action, but only to the extent necessary;

   e. any other person or entity to whom the Producing Party may consent in writing.

Discovery Material designated "CONFIDENTIAL – ATTORNEY'S EYES ONLY" shall not be disclosed to the opposing party in this matter without express written permission.

5. Before any person or their representative identified in Paragraph 3(f), or (h) or Paragraph 4(b), (d) or (e) is given access to Discovery Materials designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" if allowed by the above rules, such person or their representative shall be provided with a copy of this Order and shall acknowledge in a written statement that he or she read the Order and agrees to be bound by the terms thereof. Such executed forms shall be retained in the files of counsel for the Party who gave access to the Discovery Materials designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" to the person who was provided such access. Such executed forms shall not be subject to disclosure unless a showing of good cause is made and the Court so orders.

6.       To the extent a Receiving Party's counsel determines that there is an extenuating need for a Receiving Party (e.g., Plaintiff or Defendant) to view, analyze or learn about information contained in document or material designated as "ATTORNEY'S EYES ONLY", and they are not authorized to view or learn about the documents or material under Paragraph 4, they must obtain the prior written approval of the Producing Party and designate what limited information will be viewed or learned of, prior to presenting such limited information to the Receiving Party.  In such circumstance, the information will be viewed or learned by the Receiving Party in as limited a manner as possible and Receiving Party shall not retain any copy or facsimile of the "ATTORNEY'S EYES ONLY" designated information.  If the Producing Party does not agree to the Receiving Party being able to view "ATTORNEY'S EYES ONLY" designated information, upon good cause, the Receiving Party may ask the Court, subject to L.R. 37.1, to allow the Receiving Party to view, in a limited scope, the "ATTORNEY'S EYES ONLY" designated information.  They Court may then determine whether the Receiving Party is entitled, upon good cause shown, to view the "ATTORNEY'S EYES ONLY" designated information.

7.       In the event that any Confidential Information must be filed in connection with this proceeding or any subsequent appeals, such material shall be requested to be filed under seal in compliance with *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016).  This Protective Order, however, does not authorize filing protected materials under seal.  As set forth in *Shane Group* and *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996), no document may be filed with the Court under seal without prior permission as to each such filing, upon motion and for good cause shown, including the legal basis for filing under

seal. Unless the Court orders otherwise, all sealed documents shall be filed according to S.D. Ohio Civ. R. 5.2.1(a) and the policies and procedures set forth in the Court's CM/ECF online resources.

8. Any Discovery Material may be used by the Receiving Party only for the purpose of prosecuting and/or defending this Action.

9. Nothing herein shall be a waiver or relinquishment by any person of any right to object to any discovery request, or to the admission of evidence on any ground, or to seek any further protective order, or to seek relief from the Court or any other applicable court from any provision of this Order by motion on notice on any grounds.

10. If any Receiving Party objects to the designation of any Discovery Material as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" (whether such designation is made on a permanent basis or temporary basis with respect to deposition testimony), the Receiving Party shall first raise the objection with the Party responsible for such designation, and seek to confer in good faith by telephone or in person to attempt to resolve any dispute respecting the terms or operation of this Order. If the dispute cannot be resolved after the objection is first raised, the objecting Party may then move the Court to do so. Until the Court rules on such an issue, the Discovery Material shall continue to be treated as designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY". Upon motion, the Court may order the removal or modification of the "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" designation from any Discovery Material so designated subject to the provisions of this Order.

11. A Receiving Party shall not be obliged to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto, provided that any such confidentiality designation made by a Party

with respect to any particular Discovery Material shall be deemed to be proper unless and until a Receiving Party challenges the propriety of such confidentiality designation as to any the particular Discovery Materials and either (a) the Receiving Party and the party responsible for such designation agree to the removal or modification of such designation or (b) the Court orders the removal or modification of such confidentiality designation as to the particular Discovery Materials. Subject to the immediately preceding sentence, the failure of any Party to challenge the designation by a Producing Party of Discovery Materials as Confidential Information during the discovery period shall not be a waiver of that party's right to object to the designation at the trial.

12. Except as otherwise set forth herein, within 60 days of the conclusion of the Action, all Confidential Information, and all copies or notes thereof, shall either be returned to counsel for the respective Producing Party, or destroyed, except that counsel may retain their work product and copies of court filings, transcripts, and exhibits, provided said retained documents will continue to be treated as provided in this Order. Notwithstanding the foregoing, Confidential Information may be retained to the extent it is "backed up" on electronic information management and communications systems or servers, and is not available to an end user and cannot be expunged without considerable effort. If a person in possession of Confidential Information chooses to destroy documents rather than return them, that person shall certify such destruction in writing to opposing counsel or counsel for the Producing Party.

13. This Order applies to all non-parties that are served with subpoenas in connection with the Action or who otherwise produce documents or are noticed for deposition in connection with the Action, and all such non-parties are entitled to the protection afforded hereby upon signing a copy of this Order and agreeing to be bound by its terms.

14. Any Party may move to modify the provisions of this Order at any time, or the Parties may agree by written stipulation, subject to further order of the Court if applicable, to modify the provisions of this Order.

15. Any person or party subject to this Order that may be subject to a motion or other form of legal process or any regulatory process or demand seeking the disclosure of another Party's or non-party's information designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" pursuant to this Order: (i) shall promptly notify that Party or non-party to enable it to have an opportunity to appear and be heard on whether that information should be disclosed, and (ii) shall not provide such materials unless required by court order, law or regulation, or with the consent of the Producing Party.

16. Nothing in this Order affects the right of any Producing Party that designates material as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" to use or disclose such material in any way. Such disclosure will not waive the protections of this Order and will not entitle other Parties, non-parties, or their attorneys to use or disclose such material in violation of this Order, except that if the Producing Party uses material it produced in a manner inconsistent with its confidential status, then that will serve as a basis to object to the designation and to contend that such designation has been waived.

17. Except as provided in this paragraph, following a Producing Party's production or dissemination of Discovery Material, the failure to designate particular Discovery Material as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" at the time of production shall not operate to waive a Producing Party's right to later designate such Discovery Material as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY". No Party shall be deemed to have violated this Order if, prior to notification of any later designation,

such Discovery Material has been disclosed or used in a manner inconsistent with the later designation. Once such a designation has been made, however, any such Discovery Material shall be treated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" in accordance with this Order; provided, however, that if the Discovery Material that was not designated is, at the time of the later designation, filed with a court on the public record, the Party or person that failed to make the designation may move for appropriate relief. If an omitted "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" designation is first claimed during the course of a deposition or hearing, the subject Discovery Material may be used during that day's deposition or hearing, as though no designation had been made, but shall be treated as though such designation had been made immediately thereafter.

18. In the event any information or document is produced that the Producing Party later claims is protected by the attorney-client privilege, work-product doctrine, or other privilege or immunity, the Receiving Party shall, within five (5) business days of receipt of a written request by the Producing Party, return the original to the Producing Party, destroy all copies thereof and delete any copy of the documents, or any portion thereof, from any word processing or data base tape or disk it maintains. Inadvertent production of privileged, work-product protected, or immune documents in the course of discovery in this Action shall not constitute a waiver of any privilege, work-product protection, or immunity, either as to the produced document or as to any other documents or communications. Return of a document for which the Producing Party has asserted a claim of privilege, work-product protection, or immunity under this paragraph shall be without prejudice to the Receiving Party's right to seek an order from the Court directing production of the information or document on the ground that the claimed privilege, work-product protection, or immunity is invalid; provided, however, that

mere production of the information or document in the course of this action shall not be a ground for asserting waiver of the privilege, protection, or immunity.

19. Nothing herein shall be deemed to prevent a Party or non-party from objecting to discovery or asserting that information being sought in discovery calls for documents beyond the scope of this action, is irrelevant, or to preclude a Party or non-party from seeking additional or further limitations on the use or disclosure of such information.

20. The provisions of this Order shall survive the final termination of the Action for any retained Confidential Information.

**IT IS ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

1/2/19
Date

STIPULATED:

/s/ Stephen E. Imm (via email authorization)  
Richard Ganulin (0025642)  
3662 Kendall Ave.  
Cincinnati, OH 45208  
513-405-6696 – phone  
rganunlin@gmail.com  

Stephen E. Imm (0040068)  
Finney Law Firm  
4279 Ivy Pointe Blvd., Suite 225  
Cincinnati, OH 45245  
513-943-5678 – phone  
513-943-6669 – fax  
stephen@finneylawfirm.com  

*Trial Attorneys for Plaintiff*

/s/ Tessa L. Castner  
Neal Shah (0082672)  
Tessa L. Castner (0093808)  
FROST BROWN TODD LLC  
3300 Great American Tower  
301 East Fourth Street  
Cincinnati, Ohio 45202  
513-651-6800 – phone  
513-651-6981 – fax  
nshah@fbtlaw.com  
tcastner@fbtlaw.com  

*Trial Attorneys for Defendant*

0122947.0663084   4853-0004-4906v3